Bodwell
*v.*
Osgood.

WELLS SMITH, Petitioner for *Certiorari.*

386

A private, in a company of militia, who is excused for a term of time, upon a surgeon's certificate, from performing military duty, on account of bodily infirmity, is not thereby excused from attending at meetings for the choice of officers of the company.

THE petitioner, a private in a company of militia, obtained from the surgeon of his regiment a certificate, (pursuant to *St.* 1809, *c.* 108, § 29,) dated May 3, 1825, that " he ought to be excused from military duty for one year, on account of his being deprived in a great degree of the use of the forefinger of his right hand," and on the back of the certificate the captain of the company wrote that he was exempted for one year from that date ; which was approved by the colonel of the regiment. The petitioner was afterwards duly warned to appear at a meeting of the company on the 17th of August, 1825, for the choice of company officers, but neglected to attend, and upon a complaint to a justice of the peace, was fined for such neglect. Whereupon he filed this petition for a *certiorari* to the justice.

*L. Thorndike,* in support of the petition, contended, that a person excused on a surgeon's certificate was by the statute exempted from all military duty and virtually disenrolled ; *Commonwealth* v. *Fitz,* 11 Mass. R. 542 ; *Commonwealth* v. *Smith,* ibid. 459, 460 ; for otherwise it would have been provided expressly, as it is by § 1 in the case of persons conditionally exempted, that he should attend meetings for the choice of company officers ; that the captain of the company had no right to narrow the exemption ; and that consequently § 34, *art.* 33, which imposes the penalty, though general in

*Nov 5th.*

41

Smith,
Petitioner
&c.

*May term*
1826.

its terms, was not intended to apply to persons exempted, like the petitioner, under § 29.

PUTNAM J. delivered the opinion of the Court. The petitioner is obliged to perform all the services in his power, which are required of soldiers in the militia, from the performance of which he has not been excused. From the great importance which has always been attached to this subject by the legislative and executive branches of the government, we are warranted in the opinion, that the exemptions should be strictly construed ; to the end that the public may receive the benefit of all the services which the soldier can render.

The petitioner claims to be exempted on account of an injury which has happened to one of his limbs ; which would render it difficult, if not impossible, for him to perform all the military manœuvres which are executed by the soldiers, but would not prevent him from walking or writing.

The meeting which the petitioner neglected to attend, was not for the purpose of training, but merely for the choice of officers ; and he was as able to do that duty, as any one whose name was borne upon the company roll. But it is argued, that the surgeon's certificate operates as a disenrolment. There is no necessity for giving that enlarged construction to the statute, or for believing that the legislature intended to excuse the party from doing what he was capable of executing, merely because they excused him from doing what the surgeon certified he was incapable of performing. He might well meet and vote, notwithstanding he might not well march or handle a musket. Our opinion is, that the legislature intended to exempt the party from the performance of such services only as he was disqualified by reason of such bodily infirmity to perform, but not from such as he could execute just as well as if his limbs were in perfect health and proportion.

And it is to be observed, that the meeting for the election of officers is one of great importance ; for the discipline and efficiency of the soldiers depend essentially upon the qualifications of their commanders. These are to hold their offices until discharged by order of law, and the public have a right to the exercise of the judgment of all the soldiers qualified to vote in that important concern. To extend the excuse to

cover the neglect of the petitioner, would be to enforce the letter against the intent of the statute.[1]

We are all of opinion, therefore, that the petitioner shall take nothing by his petition.

Smith,
Petitioner
&c.

[1] See Revised Stat. c. 12, § 2